**10-56244**

---

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

BANGKOK BROADCASTING & T.V. CO., LTD., a Thailand corporation,

Plaintiff-Counter-defendant-Appellee,

v.

IPTV CORPORATION, a California corporation, et al.

Defendants-Counter-claimants-Appellants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA IN CASE NO. CV 09-03803 SJO (SSx),
HONORABLE S. JAMES OTERO

---

## APPELLEE'S RESPONSE BRIEF

---

Howard N. Wisnia
*Howard.Wisnia@bakermckenzie.com*
**BAKER & McKENZIE LLP**
12544 High Bluff Drive, Third Floor
San Diego, CA 92130
Telephone: (858) 523-6200
Facsimile:  (858) 259-8290

Attorneys for Plaintiff-Counter-defendant-
Appellee

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF THE ISSUES .................................................1

II.   STATEMENT OF THE CASE ..................................................2

III.  STATEMENT OF FACTS .......................................................5

IV.   SUMMARY OF THE ARGUMENT ........................................8

V.    ARGUMENT......................................................................10

    A.    This Appeal Fails Because BKT And Petcha Did Not Preserve Their Grounds of Appeal..................................................10

        1.    BKT and Petcha Failed To Preserve Any Alleged Error In The District Court's Denial Of The Motion For A New Trial ...........................................................................10

        2.    Under Unitherm, BKT And Petcha Have Waived Any "Sufficiency Of The Evidence" Challenge To The Decision Below ................................................................11

        3.    BKT And Petcha Failed To Make Timely Objections of Relevance to Trial Exhibit 20 .................................13

    B.    The Appeal Fails On Substantive Grounds .......................................15

        1.    The Jury's Damages Awards Are Not Inconsistent Under Zhang.................................................................15

        2.    The Jury's Trademark Damages Award Is Not Inconsistent ...............................................................18

        3.    The District Court Properly Entered Final Judgment Including Both Statutory Copyright Damages And Actual Trademark Damages Because Those Awards Are Not Duplicative Or Double Recovery Under Binding Ninth Circuit Authority ..................................................20

        4.    The District Court Did Not Abuse Its Discretion In Evidentiary Rulings ................................................24

VI.   CONCLUSION...................................................................26

SDODMS1/711612.8

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Apple, Inc. v. Psystar Corp.,*
    673 F.Supp.2d 926 (N.D.Cal. 2009) ....................................................26

*B.K.B. v. Maui Police Dep.,*
    276 F.3d 1091 (9th Cir. 2002) ...........................................................24

*Bartleson v. United States,*
    96 F.3d 1270 (9th Cir. 1996) .............................................................14

*Duk v. MGM Grand Hotel, Inc.,*
    320 F.3d 1052 (9th Cir. 2003) ...............................................15, 18, 20

*Gallick v. Baltimore & Ohio R.R. Co.,*
    372 U.S. 108 (1963) ..........................................................................18

*General Elec. Co. v. Joiner,*
    522 U.S. 136 (1997) ....................................................................13, 24

*Lifted Research Group, Inc. v. Salem,*
    2009 U.S. Dist. LEXIS 44850 (N.D. Cal. 2009) ...............................21

*Merrick v. Paul Revere Life Ins. Co.,*
    500 F.3d 1007 (9th Cir. 2007) ...........................................................10

*Microsoft Corp. v. Evans,*
    2007 U.S. Dist. LEXIS 77088 (E.D. Cal. 2007)................................21

*Microsoft Corp. v. Nop,*
    549 F.Supp.2d 1235 (E.D. Cal. 2008) ...............................................26

*Nintendo of America, Inc. v. Dragon Pacific Int'l,*
    40 F.3d 1007 (9th Cir. 1994) ...................................9, 20, 21, 22, 23

*Nitco Holding Corp. v. Boujikian,*
    491 F.3d 1086 (9th Cir. 2007) ...........................................................12

SDODMS1/711612.8

# TABLE OF AUTHORITIES
(continued)

**Page**

*Polar Bear Productions, Inc. v. Timex Corp.*,
   384 F.3d 700 (9th Cir. 2004) .................................................................21

*Sega Enterprises Ltd. v. Maphia*,
   948 F. Supp. 923 (N.D. Cal. 1996)....................................................21

*Sheehy v. Southern Pac. Trans. Co.*,
   631 F.2d 649 (9th Cir. 1980) ......................................................13, 14

*Theme Promotions, Inc. v. News America Marketing FSI*,
   546 F.3d 991 (9th Cir. 2008) ......................................................20, 22

*U.S. v. Jamerson*,
   549 F.2d 1263 (9th Cir. 1977) ....................................................13, 14

*Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*,
   546 U.S. 394 (2006)........................................11, 12, 13, 14, 15

*Whitaker v. Garcetti*,
   486 F.3d 572 (9th Cir. 2007) ......................................................11, 12

*Zhang v. American Gem Seafoods, Inc.*,
   339 F.3d 1020 (9th Cir. 2003) ....................................15, 16, 17, 18

## FEDERAL STATUTES

Fed. R. App. P. 32 (a)(7)(C) and..............................................................1

Fed. R. Civ. P. 50(a)..........................................................................9, 12

Fed. R. Civ. P. 59 ..............................................................................8, 11

Fed. R. Evid. 103(a)(1) ..................................................................13, 14

SDODMS1/711612.8

## <u>APPELLEE'S RULE 26.1 CORPORATE DISCLOSURE STATEMENT</u>

Appellee Bangkok Broadcasting & T.V. Co., Ltd. ("BBTV") states that no corporation is the parent of BBTV, nor does any publicly held corporation own 10% or more of its stock.

# I.    STATEMENT OF THE ISSUES

1.    Whether Appellants BKT and Ron Petcha waived their right to appeal the District Court's denial of their motion for a new trial because they failed to file an amended Notice of Appeal after the District Court denied their motion.

2.    Whether the District Court abused its discretion by entering final judgment for BBTV, including both statutory damage for copyright infringement and actual damages for trademark infringement, because the verdicts were allegedly inconsistent.

3.    Whether the District Court abused its discretion in entering final judgment against Appellants, based upon the jury's verdict of statutory damages for copyright infringement and actual damages for trademark infringement, because the judgment allegedly provides an impermissible double recovery.

4.    Whether the District Court abused its discretion when it admitted certain evidence at trial, namely Exhibit 20 (concerning sales of Appellant BKT) and Exhibit 242 (summarizing testimony from a BBTV executive regarding the cost of production of BBTV's copyrighted programming).

## II.    STATEMENT OF THE CASE

Bangkok Broadcasting & T.V., Co., Ltd. ("BBTV") is the operator of Channel 7 – a major television channel in Thailand.  Its prime time programming regularly enjoys greater than a 40 "share" as measured by the Nielson Rating System (i.e., it is the most popular station in Thailand).  [Supplemental Excerpts of Record ("SER") 28-19.]  Through a series of agreements, Defendant IPTV was sublicensed to use certain BBTV programs in certain distribution channels for certain periods of time.  The sublicenses included certain of BBTV's copyrighted television programs as well as BBTV's trademarks.  [Appellants' Excerpt of Record ("ER") 059.]  The last of these sublicenses expired on July 31, 2008. Thereafter, IPTV and the other Defendants[1]—BKT Group, Ron Petcha, Tip Petcha, and Noppadon Wongchaiwat—had no right to use any of the subject copyrighted materials or BBTV's trademarks at issue at trial.  [ER 137-143, 193-196; SER 182-205.]  Nevertheless, Defendants continued to exploit BBTV's programming in multiple ways, including DVD video disk sales and providing internet protocol television and on-demand computer distribution in the U.S. and abroad.  On May 28, 2009, BBTV filed the present lawsuit against the Defendants alleging, among other claims, copyright infringement and trademark infringement for Defendants'

---

[1] Defendants IPTV, Tip Petcha, and Noppadon Wongchaiwat have all filed for bankruptcy.  Consequently, their appeals of the District Court's judgment have been stayed.

continued exploitation of BBTV's intellectual property without license or authority. [ER 257.]

The District Court granted BBTV's motion for partial summary judgment on May 11, 2010, finding IPTV and Ron Petcha liable for copyright infringement. [SER 182-205] BBTV's remaining claims against Defendants were tried before a jury from May 18, 2010 to May 26, 2010. During the trial, Defendant BKT Group stipulated to its liability for infringement. [ER 135-136.] The jury returned a unanimous verdict against the remaining Defendants for copyright infringement, found that Defendants' copyright infringement was willful, and also found all Defendants infringed BBTV's trademarks. [ER 137-143.] In addition, the jury awarded BBTV actual and statutory damages for copyright infringement, and actual damages for trademark infringement. [ER 138 and 193-196.] BBTV elected to receive statutory damages for Defendants' copyright infringement and actual damages for Defendants' trademark infringement. [SER 180-181.] The Court entered final judgment against Defendants on July 8, 2010. [ER 193-196.]

After entry of judgment, Defendants filed a motion for new trial on August 6, 2010, and argued that: (1) the jury's award of copyright damages was inconsistent with its award of trademark damages; (2) the District Court erred in evidentiary rulings; (3) there was insufficient evidence to support the verdict against Tip Petcha and Noppadon Wongchaiwat; (4) that the statutory copyright

damages were excessive and violated due process; and (5) the statutory damages amount should have been reduced by the District Court. [ER 197-222.] On the same day Defendants filed the motion for new trial, Defendants also filed a notice of appeal to the Ninth Circuit, which was stayed pending the outcome of the motion for new trial. [ER 227] and (August 24, 2010 Order, Doc. No. 5). The District Court denied Defendants' motion on September 29, 2010. [ER 256.] The appeal before the Ninth Circuit proceeded, and Defendants did <u>not</u> file an amended notice of appeal.

Appellants BKT Group and Ron Petcha do not dispute liability on appeal and have neither appealed their liability determination nor the District Court's denial of the motion for new trial. Rather, Defendants BKT Group ("BKT") and Ron Petcha ("Petcha") appeal only certain damage related findings. As explained below, no reversible error was committed and BKT and Petcha did not procedurally preserve the alleged errors at issue. As such, the Court should affirm the District Court's judgment.

## III.   STATEMENT OF FACTS

BBTV was established in 1967 and produces and broadcasts television programs in Thailand through Channel 7, which is one of the six major free channels in the country. [ER 006-007.] As part of its production, BBTV creates its own television programming for broadcasting through Channel 7, ranging from

news reports to sports shows to dramas (*e.g.*, soap operas) and sitcoms. These television programs either are created by its own team or under work-for-hire contracts. BBTV owns copyrights for those television programs. *Id*.

Beyond its copyrights, as part of its branding and commercial activities, BBTV is the owner of U.S. Trademark Registration Nos. 3,176,451 and 3,429,237 for the "7 and Design Mark" in connection with, *inter alia*, DVDs, CDs, television broadcasting, and television program production. [ER 008-009.] The "7 and Design Mark" is well recognized by the public who have associated BBTV as the source of Thai television programming offered under the "7 and Design Mark." *Id*. Generally, the "7 and Design Mark" appears in the top right hand corner of BBTV's television programs as well as being used on packaging and other goods such as gift cards. *Id*.

IPTV d/b/a thaitv.tv is a California corporation headquartered in Los Angeles, California and managed by Ron Petcha. [ER 029, 057.] IPTV's business includes, amongst other things, exploiting exhibition rights to television programs originally produced and broadcasted in Thailand, in the U.S. [ER 010-011.] Generally, formats for IPTV's rebroadcasting of BBTV's copyrighted television programs were over internet protocol TV via its website thaitv.tv and through satellite TV, cable TV and Pay Per View. IPTV also sold and rented BBTV's television programs via video tapes, VCDs and DVDs.

IPTV's parent company is BKT Group, which is located in the same headquarters as IPTV.  [ER 057.]  Ron Petcha also owns and manages BKT.  BKT's business includes retail services, network/communications services, financial services and media/entertainment services, with a customer base generally consisting of Thai and Lao customers in the U.S. and abroad.  [ER 009.]

In 2004, IPTV entered into the first of a series of annual sublicense[2] agreements, through which IPTV obtained limited rights to rebroadcast and distribute certain of BBTV's copyrighted television programs in the U.S., including the sale and rental of video tapes and rebroadcasting via satellite television and broadband internet.  [ER 059-060.]  In July 2008, IPTV's last annual sublicense expired.  Defendants sought renewal of the annual sublicense agreement without success.  *Id.*  BBTV reiterated multiple times that it did not want to enter into an annual license agreement with IPTV.  [ER 012, 060.]  Despite the multiple rejections of Defendants' pursuit of a license from BBTV, IPTV continued selling and renting DVDs and rebroadcasting BBTV's television programs via satellite television and broadband internet.

BBTV discovered after July 2008 that Defendants were continuing to exploit BBTV's television programming and trademarks despite the absence of any license

---

[2] BBTV never granted directly IPTV a license.  Rather, IPTV entered into a series of agreements with parties which were authorized by BBTV to grant sublicenses of BBTV's copyrighted programming.

agreement.  As a result, BBTV filed this lawsuit in order to protect its intellectual property.

The District Court entered partial summary judgment against Defendants IPTV and Ron Petcha, and found that they infringed BBTV's copyrights.  [SER 182-205.]  At trial, the jury found that all Defendants infringed BBTV's copyrighted works and trademarks.  [ER 137-143.]  Further, Defendants were found to have willfully infringed BBTV's copyrights.  [ER 138.]  The jury found actual copyright damages in the amount of approximately $1.6 million, statutory damages in the amount of approximately $7.018 million (by awarding $29,000 x 242 registered works), and actual trademark damages in the amount of $1.3 million.  [ER 138, 139, and 141.]

## IV.    SUMMARY OF THE ARGUMENT

BKT's and Petcha's appeal fails on both procedural and substantive grounds. As a matter of civil procedure, BKT and Petcha failed to preserve the issues they now seek to appeal.  First, they did not file a modified or amended Notice of Appeal to address the District Court's decision on the Defendants' motion for new trial.  Thus, BKT and Petcha have waived their opportunity to appeal the District Court's denial of a motion for new trial under Fed. R. Civ. P. 59.

Second, BKT and Petcha challenge the sufficiency of the evidence to support the jury's award of $1.3 million for trademark infringement.  However,

since neither BKT nor Petcha made a Fed. R. Civ. P. 50(a) or (b) motion, this Court may not review any challenges to sufficiency of evidence.

Third, substantively, the District Court did not err when it entered its final judgment and awarded BBTV damages for copyright infringement and trademark infringement. The District Court correctly applied Ninth Circuit precedent, including *Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994), which supports the recovery of both statutory damages for copyright infringement and actual damages for trademark infringement.

Forth, substantively, the District Court did not abuse its discretion when it entered judgment based upon the jury's verdict of statutory damages for copyright infringement and actual damages for trademark infringement. The verdict was not inconsistent with the evidence - Ninth Circuit case law firmly establishes a trial court may use any reasonable theory which comports with law to explain an allegedly inconsistent jury verdict on any reasonable theory, thus negating the need for a new trial.

Finally, the District Court did not abuse its discretion in admitting into evidence certain trial exhibits. BKT and Petcha did not preserve the objections they now seek to raise and, in any event, the rulings were correct. The printout of BKT's website—Exhibit 20 [ER 226] — was relevant to the issues of statutory damages and impeachment evidence as to Defendants' testimony about the

operations of BKT.  Trial Exhibit 242 [SER 20-21] is a summary of BBTV's testimony regarding costs of production—testimony which is relevant to the jury's consideration of the proper amount of statutory damages.

## V.    ARGUMENT

### A.    This Appeal Fails Because BKT And Petcha Did Not Preserve Their Grounds of Appeal

BKT and Petcha did not preserve their alleged grounds of appeal.  As explained below, BKT's and Petcha's challenge to the District Court's judgment fails because they did not follow the requirements of the Federal Rules of Civil Procedure or Appellate Procedure.

#### 1.    BKT and Petcha Failed To Preserve Any Alleged Error In The District Court's Denial Of The Motion For A New Trial

In the Ninth Circuit, denial of a motion for new trial is reviewed under a deferential abuse of discretion standard.[3]  *See*, *e.g.*, *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1013 (9th Cir. 2007) ("[W]e give great deference to the trial court's denial of a motion for a new trial, and will reverse for a clear abuse of discretion only where there is an absolute absence of evidence to support the jury's verdict.").  BKT and Petcha filed a Notice of Appeal on August 6, 2010.  [ER 289.]  Thereafter, they filed a Motion for New Trial under Federal Rule of Civil Procedure 59 in the District Court.  *Id.*  The Ninth Circuit recognized the filing of

that motion and stayed the appeal.  (*See* August 24, 2010 Order; Doc. No. 5.)  The Order specifically noted that BKT and Petcha "<u>must</u>" file an amended Notice of Appeal in order to appeal the District Court's ruling on the Rule 59 motion.  (*See id.*) (emphasis added).  BKT and Petcha failed to do so and thus have waived any opportunity to challenge the District Court's denial of the motion for a new trial under Rule 59.  *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) ("A timely notice of appeal from the judgment or order complained of is mandatory and jurisdictional.").  This waiver is jurisdictional and cannot be excused.  *Id.*  Here, BKT and Petcha do not dispute liability; rather, they only allege errors concerning damages and seek a new trial on that issue.  (*See* Opening Brief, p. 24.)  Thus, their appeal is simply a request for a new trial.  Accordingly, BKT's and Petcha's appeal must be denied.[4]

## 2.     Under *Unitherm*, BKT And Petcha Have Waived Any "Sufficiency Of The Evidence" Challenge To The Decision Below

BKT and Petcha allege that there is an inconsistent verdict between the award of copyright and trademark damages.  (*See* Opening Brief, p. 13.)  But, BKT's and Petcha's actual position is that there is not sufficient evidence to

---

[3] BKT and Petcha have failed to cite to any standard of review for any issue appealed as required under Circuit Rule 28-2.5.

[4] BKT's and Petcha's appeal is simply a motion for new trial in disguise.  That is, the relief that BKT and Petcha seek is nothing short of a new trial.

support the different award for copyright damages versus trademark damages. (*See id.* at pp. 13-17.)  That is, BKT and Petcha strenuously urge that the awarded $1.3 Million in trademark damages found no evidentiary support in the trial below. (*See id* at pp. 14-17, discussing BBTV's evidence of damages.)

Since BKT and Petcha failed to make a motion under either Federal Rule of Civil Procedure 50(a) or 50(b) below, the Court of Appeals has no basis to review any of BKT's and Petcha's sufficiency of the evidence challenges.  *See Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006).  In *Unitherm*, the Supreme Court held Federal Appellate Courts have no proper basis for review of challenge to sufficiency of the evidence where an appellant fails to renew a pre-verdict Rule 50 motion after an adverse jury verdict.  *Id.* at 406.  The reason for this is two-fold.  First, determining whether a new trial should be granted or a judgment entered under Rule 50(b) "calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Id*. at 401.  Second, the motion must be timely filed as timeliness is "an essential part of the rule, firmly grounded in principles of fairness."  *Id*. (citations omitted); *See also Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (applying *Unitherm*).

Here, BKT and Petcha failed to make a pre-verdict Rule 50(a) motion or a renewed Rule 50(b) motion following the jury's verdict against them.  Allowing

BKT and Petcha to continue with their appeal would vitiate the District Court's first-hand knowledge of the trial as well as pose an unfair advantage for BKT and Petcha.  Therefore, under *Unitherm*, the Court of Appeals cannot order a new trial based on Appellants' challenge to the sufficiency of the evidence underlying the judgment.

### 3.    BKT And Petcha Failed To Make Timely Objections of Relevance to Trial Exhibit 20

In the Ninth Circuit, evidentiary rulings are reviewed for abuse of discretion.  *General Elec. Co. v. Joiner*, 522 U.S. 136, 141-142 (1997).  BKT and Petcha allege that Trial Exhibit 20 is not relevant, and therefore should not have been admitted.  (Opening Brief, pp. 21-24.)  However, BKT and Petcha did not assert specific and timely objections to the relevance of Trial Exhibit 20.  Rather, BKT and Petcha only made an objection to authenticity (but <u>not</u> to relevance) of Trial Exhibit 20, which the District Court overruled and admitted into evidence.  [SER 136.]

The failure to assert a timely objection is fatal to a later challenge to the District Court's decision to admit evidence.  "It is a fundamental rule of evidence that an objection not timely made is waived."  *U.S. v. Jamerson*, 549 F.2d 1263, 1266-67 (9th Cir. 1977) (citing Fed. R. Evid. 103(a)(1)); *see also Sheehy v. Southern Pac. Trans. Co.*, 631 F.2d 649, 652 (9th Cir. 1980).  The Ninth Circuit has admonished that a party may not delay objections until after trial such that it

becomes too late to resolve them effectively.  *Bartleson v. United States*, 96 F.3d 1270, 1278 (9th Cir. 1996) (holding that an objection not raised during trial is waived).  Further, a timely objection must be made on "the specific ground for objection to admission or exclusion of evidence."  *Sheehy*, 631 F.2d at 652.  In *Jamerson*, the appellant objected to certain testimony in the trial court "to block any further exploration of this subject."  On appeal, Appellant sought to challenge the statement on hearsay grounds.  549 F.2d at 1266.  The Ninth Circuit held that because the hearsay objection was not timely made below it was waived on appeal. *Id*. at 1267.

Allowing BKT and Petcha to appeal the admission of Trial Exhibit 20 on the grounds of relevance—after failing to assert such objections below—would flout the clear language of Federal Rules of Evidence 103(a)(1) and Ninth Circuit precedent.  Further, relevance determinations are exactly the type of issues best left to the trial judge in the first instance.  *Cf. Unitherm*, 546 U.S. at 401 n.3 ("cautioning the courts of appeals to be 'constantly alert to the trial judge's first-hand knowledge of witnesses, testimony, and issues' ").  Under Fed. R. Evid. 103(a)(1), *Jamerson, Bartleson* and *Sheehy*, the Court of Appeals cannot order a new trial based on Defendants' untimely relevance objections to Trial Exhibit 20. BKT's and Petcha's appeal on those grounds fails.

**B.    The Appeal Fails On Substantive Grounds**

Separate and apart from BKT's and Petcha's fatal procedural errors, the factual and legal issues raised by Defendants fail.  Ninth Circuit precedent negates each point argued by BKT and Petcha.

### 1.    The Jury's Damages Awards Are Not Inconsistent Under *Zhang*

A district court's decision that a jury's verdict is not inconsistent is reviewed under the abuse of discretion standard. *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1060 (9th Cir. 2003).  As explained above, BKT and Petcha have waived any argument as to inconsistency between the damages verdicts because in fact their argument is merely a disguised argument of insufficiency of the evidence and that is precluded under *Unitherm*.  Beyond *Unitherm*, this Court's precedent compels the same result—BKT and Petcha ought not receive a new trial on damages.  Indeed, Appellants cite to *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003) for guidance, an opinion which BKT and Petcha contend permits this Court to reverse the jury's verdicts if they cannot be reconciled.  The *Zhang* opinion is especially instructive here, but not for the reasons which Appellants suggest.

In *Zhang*, the plaintiff asserted several tort claims against his former employer and its CEO.  The jury returned a mixed verdict—finding the corporate defendant liable but exonerating its CEO—for some of the claims and also

awarded damages.  After denying the employer's post-verdict Rule 50 motion, the trial court entered judgment on the jury's verdict.  In addressing the Appellants' challenge to the jury's verdict in *Zhang*, this Court discussed general and special verdicts.  This Court explained, "in a general verdict the jury announces only the prevailing party on a particular claim, and may announce damages."  *Zhang*, 339 F.3d at 1031.  In a special verdict, the jury "returns only factual findings, leaving the court to determine the ultimate legal result."  *Id*.  Finally, there is a third category of verdict form, where a jury "may make legal conclusions as to subsidiary issues, such as affirmative defenses, or the amount of damages owed, which are neither findings of fact nor quite 'verdicts.'  Such answers are similar in kind to general verdicts, because they require application of law to facts, but we have found no precise label for them."  *See id*.

Here, the jury's verdict in favor of BBTV most likely falls within the third *Zhang* category, as the jury answered questions such as whether Defendants' copyright infringement was willful or innocent, and awarded damages owed.  *See* [ER 137-143.]  Consequently, it is helpful to examine the jury's verdict in this case using the teachings of *Zhang* regarding both general and special verdicts.

Under *Zhang*, there may be three types of inconsistencies in a general verdict form:  (1) the jury might disregard instructions requiring two general verdicts to be harmonious, (2) the jury might return a general verdict that, under

the facts of the case, implies a lack of evidence underlying another general verdict, or (3) the jury might return two general verdicts that, under any facts, seem to be legally irreconcilable.  *See* 339 F.3d at 1032.  BKT's and Petcha's argument in this case would fall within the second type of alleged inconsistency (lack of evidence).  If so, the *Zhang* opinion supports a waiver of the issue where the party challenging the verdict fails to raise the issue prior to the submission to the jury with a Rule 50 motion.  *See id.* at 1032-1034.

Assuming BKT and Petcha could fit their argument into the third category, *Zhang* holds such an inconsistency is not reviewable, because unless one legal conclusion is the prerequisite for another, inconsistencies between them must stand.  This is because Ninth Circuit precedent does not permit an appellate court to direct the trial court to grant a new trial due to inconsistencies between general verdicts.  *Id.* at 1035.  As in *Zhang*, there is no legal reason that the verdicts on the two infringement claims (copyright and trademark) would have had to be identical.  Neither is predicated on the other.  *See id.* at 1037.  That is, copyright infringement is not dependent on trademark infringement, or *vice versa*.

A special verdict form may have three types of inconsistencies:  (1) the jury's answers plainly violate its instructions, (2) under the evidence presented in the case, one or more findings of fact may be inconsistent with a determination of liability, or (3) one or more findings of fact may be legally irreconcilable with each

other. *Zhang*, 339 F.3d at 1037. None of those inconsistencies are present in the verdict in this case. Therefore, the Court should deny the request for a new trial on damages.

### 2. The Jury's Trademark Damages Award Is Not Inconsistent

Should the Court elect to address BKT's and Petcha's argument that the jury verdict must be overturned because the jury awarded too *little* in damages against Defendants for their trademark infringement—$1.3 million instead of $1.6 million—the argument fails under Ninth Circuit precedent.

BKT and Petcha cite to *Duk*, 320 F.3d at 1060, as an instructive opinion regarding the Ninth Circuit's precedent on inconsistent verdicts. (*See* Opening Brief, p. 14.) But *Duk* does not help them. In that opinion, the Ninth Circuit explained the role of the trial court in interpreting a jury's verdict: "the trial court has a duty to reconcile the verdicts 'on *any reasonable theory* consistent with the evidence.'" "A court may not disregard a jury's verdict and order a new trial until it 'attempt[s] to reconcile a jury's findings, by exegesis if necessary.'" *Id.* at 1059-60 citing *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963). If it is *possible* for the court to explain the inconsistency in a way that comports with the law, the trial court should not order a new trial. *Id.* at 1060.

As BKT and Petcha note, BBTV presented certain evidence on damages through its expert witness, Jeffrey Kinrich. During his testimony, Mr. Kinrich

explained he had reviewed IPTV's books and records, and he concluded IPTV earned revenues derived from its use of BBTV's copyrighted works and trademarks in two lines of business, internet and DVD.[5]  [SER 117.]  He explained how he calculated the amount of unjust enrichment, comparing IPTV's revenues and costs during the infringing period and after.  [SER 120-121.]  For internet sales, he found "the unjust enrichment amount of around $1,330,000."  [SER 121.]  For DVD sales, he found an unjust enrichment amount of "$268,000."  [SER 122.]  Adding the numbers provides a total amount of $1,599,208.  Mr. Kinrich also testified IPTV's books and records contained numerous irregularities.  [SER 113-115.]

BBTV also introduced evidence that demonstrated Defendants' liability for trademark infringement, including Trial Exhibit No. 99 [SER 1]—a supermarket prepaid card with BBTV movie images.  Much of BBTV's evidence on this point related to Defendants' internet subscriptions.

The jury awarded BBTV $1,599,208 for actual copyright infringement damages and $1,300,000 for trademark infringement damages.  *See* [ER 138 and 141.]  It is reasonable to conclude the jury found Defendants' trademark infringement enhanced their internet—but not DVD—sales and awarded BBTV a

---

[5] The jury was also shown demonstrative slides which reflected Mr. Kinrich's calculations.  *See* [SER 116.]

number which approximated Defendants' internet sales, perhaps <u>rounding</u> down to account for IPTV's poor accounting. Such a theory is reasonable and consistent with the evidence. Thus, the jury may have found that internet and DVD sales were both relevant to copyright damages, but only internet sales were relevant to trademark damages. Therefore, under *Duk*, the trial court was obligated to harmonize the jury's verdict in that fashion.

Further, BKT and Petcha can show no actual inconsistent judgment or, in fact, any prejudice. BBTV elected statutory copyright damages—thus, the $1.6 million for copyright damages is not part of the final judgment and, if anything, trademark damages were *undervalued*.

> **3.    The District Court Properly Entered Final Judgment Including Both Statutory Copyright Damages And Actual Trademark Damages Because Those Awards Are Not Duplicative Or Double Recovery Under Binding Ninth Circuit Authority**

In the Ninth Circuit, a district court's choice of remedies and award of damages is reviewed for abuse of discretion. *Theme Promotions, Inc. v. News America Marketing FSI*, 546 F.3d 991, 1000 (9th Cir. 2008). The Ninth Circuit has held "when a defendant violates both the Copyright Act and the Lanham Act, an award of both types of damages is appropriate." *Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994). The Court expressly

found such an award is not an impermissible "double recovery." BKT and Petcha

cite no authority that supports their attempt to avoid this holding.

Further, although they attempt to distinguish *Nintendo* on its facts, they

never mention, much less make any attempt to distinguish, the many other cases

that also find that "a successful plaintiff is entitled to recover both actual damages

under the Lanham Act and statutory damages under the Copyright Act." *Microsoft*

*Corp. v. Evans*, 2007 U.S. Dist. LEXIS 77088, at *25 (E.D. Cal. 2007); *see also*

*Lifted Research Group, Inc. v. Salem*, 2009 U.S. Dist. LEXIS 44850, at *16 (N.D.

Cal. 2009) ("award of damages under the Lanham Act does not preclude an award

of damages under the Copyright Act"); *Sega Enterprises Ltd. v. Maphia*, 948 F.

Supp. 923, 941 (N.D. Cal. 1996) (awarding statutory damages for copyright

infringement and actual damages for trademark infringement); *Polar Bear*

*Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 721 n.18 (9th Cir. 2004)

(following *Nintendo*).

The *Nintendo* court provided two reasons for allowing both statutory

damages for copyright infringement and actual damages for trademark

infringement. First, copyright infringement and trademark infringement constitute

"two wrongs" in violation of two separate statutes (the Copyright Act and the

Lanham Act); therefore, "in order to effectuate the purposes of both statutes,

damages may be awarded under both." 40 F.3d at 1011. Second, the two types of

damages serve "different purposes," while actual damages "are designed to compensate the plaintiff and to prevent the defendant's unjust enrichment," statutory damages serve "punitive and deterrent purposes." *Id.* In fact, this Court extended this principle into the antitrust context several years ago, citing *Nintendo* for the proposition that "[w]e have held that one act by defendant may create two legal harms; where the statutes forbidding the act were enacted for different purposes, and where they prescribe different types of damages, there is no double recovery." *Theme Promotions, Inc.*, 546 F.3d at 1005-1006. Moreover, in recently ruling on the same issue as a matter of "first impression" the U.S. District Court for the District of Columbia adopted the *Nintendo* holding, finding it to be consistent with the majority of courts to have considered the question. *Lifted Research Group v. Behdad*, 2010 U.S. District Lexis 64670, at *9 (D.D.C. June 30, 2010).

BKT's and Petcha's sole attempt to distinguish *Nintendo* is their claim that their conduct "cannot be divided into two separate acts," because "Defendants did not add the trademark to the programs, like the defendant did in the *Nintendo* case." *Id.* Even if Defendants were correct that there must be two separate infringing acts to be liable for both copyright and trademark infringement, there was sufficient evidence to support a jury finding that Defendants committed separate acts of copyright and trademark infringement. Defendants committed copyright and trademark infringement by: (1) re-broadcasting BBTV's copyrighted

programs with the BBTV logo; and (2) by publicly distributing DVDs of BBTV's copyrighted programs with the BBTV logo without permission or authorization.

BKT and Petcha committed separate acts of trademark infringement by: (1) affixing BBTV's trademark to prepaid cards in order to entice consumers to purchase blocks of viewing time on Defendants' website, *see* [SER 1]; (2) using BBTV's trademark in pamphlets used to promote Defendants' various services, *see* [SER 2-17]; and (3) using BBTV's trademark on www.thaitv.tv website pages that lured customers to sign up for subscriptions, *see* [SER 18-19]. Thus, even if the Court elected not to follow *Nintendo* and the other cases cited above, BBTV is still entitled to both $7,018,000 in copyright statutory damages and $1,300,000 in trademark actual damages because the evidence supports a finding that Defendants committed separate acts of copyright and trademark infringement.

The Defendants, here, were engaged in the business of providing video content of BBTV and *other* programming as well. In an effort to promote all of their programming, Defendants offered various advertisements and promotion cards. BBTV's trademarks were involved in the promotion of this activity which resulted in advertisements for not only BBTV programming but other programming as well. Thus, the trademark infringement was not limited solely to the copyright infringement of BBTV programming but rather its goodwill and name was used to promote its other copyrighted material as well.

### 4.    The District Court Did Not Abuse Its Discretion In Evidentiary Rulings

BKT and Petcha argue that the District Court erred in several of its evidentiary rulings during trial. However, as explained further, BKT and Petcha cannot show that the District Court abused its discretion. Evidentiary rulings are reviewed for abuse of discretion and should not be reversed unless "manifestly erroneous." *General Elec. Co. v. Joiner*, 522 U.S. 136, 141-142 (1997). To be manifestly erroneous, a party's substantial rights must be affected. *B.K.B. v. Maui Police Dep.*, 276 F.3d 1091, 1104 (9th Cir. 2002).

### a.    The District Court's Decision to Admit Exhibit 20, The BKT Website, Was Not An Abuse of Discretion

BKT's and Petcha's request for a new trial based on the admission of Trial Exhibit 20 (BKT website printout) [ER 226] fails. Defendants repeatedly claimed that BKT had never done any business and had no relationship to IPTV or the infringement at issue in this case. Petcha testified as such in the portion of his deposition played into evidence before the jury. [SER 144.][6] Defense counsel claimed the same thing in his opening statement. [SER 23.] Trial Exhibit 20 shows that BKT Group had conducted business—over $10 million a year. Indeed, in the face of this evidence BKT stipulated to liability during trial. Further, as

---

[6] As stated in the trial transcript [SER 93-94], excerpts of Mr. Petcha's November 6, 2009 video deposition were played to the jury, but were not transcribed in the

copyright statutory damages have compensatory and punitive aspects, consideration of Defendants' wealth is relevant and appropriate.

Contrary to BKT's and Petcha's suggestion, the BKT Website (Exhibit 20) was not introduced to show profits BKT made during the infringement period. Rather, it was effective and proper impeachment evidence showing that Defendants' testimony under oath that BKT was never in business and never had revenue was wholly false.[7]

### b.   The District Court Did Not Abuse Its Discretion In Admitting Trial Exhibit 242 (Chart Summarizing BBTV's Testimony)

BKT and Petcha are unable to meet their heavy burden of reversing an evidentiary ruling regarding the admission of Trial Exhibit 242 [SER 20-21]. It is undisputed that the chart at issue merely summarized the testimony of Palakorn Somsuwan, a trial witness. Defendants did not make a single objection in the District Court to Somsuwan's testimony on the exact same subject matter. [SER 40-42.]

In any event, Exhibit 242 was properly before the jury and relevant to the issues at trial. The jury was entitled to consider a variety of factors in determining an award of statutory copyright damages—factors which include the consideration

---

trial transcript. [SER 142-176.] As mentioned in the Wisnia Declaration [SER 139], the portions played included the cited testimony at SER 144.

of the value of the copyright to the copyright holder. *Apple, Inc. v. Psystar Corp.*, 673 F.Supp.2d 926, 928 (N.D.Cal. 2009) citing *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1235, 1237 (E.D. Cal. 2008). Indeed, Jury Instruction 24 provided the jury with a list of several of the factors which are appropriate to consider when determining statutory copyright damages. [SER 179.] This jury instruction was not appealed. The jury was thus entitled to know how much BBTV spent to develop the copyrighted program. The fact that Mr. Somsuwan testified that these costs did not increase as a result of IPTV's infringement outside the U.S. does not mean that they disappeared. Indeed, the effort and expense required to create the copyright book is intrinsically related to the value of the copyright and properly before the jury.

## VI. CONCLUSION

In view of the foregoing, BBTV respectfully requests that the final judgment of the District Court be affirmed and that BBTV be awarded its costs on appeal.

> Respectfully submitted,
>
> BAKER & MCKENZIE LLP
> By:  /s/Howard N. Wisnia
>      Howard N. Wisnia
>      Attorneys for Appellee

---

[7] As explained in section V(A), *infra*, Appellants have waived any evidentiary objection in the first instance.

## STATEMENT OF RELATED CASES

Ninth Circuit Rule 28-2.6

There are no known related cases pending in this Court.


Dated:  April 13, 2011                    /s/ Howard N. Wisnia
                                          Howard N. Wisnia

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED. R. APP. 32(A)(7)(c) AND CIRCUIT RULE 32-1

Pursuant to Fed. R. App. P. 32 (a)(7)(C) and Ninth Circuit Rule 32-1, I

certify that Appellee's Response Brief is proportionately spaced, has a typeface of

14 points or more and contains 6,211 words.


Dated:  April 13, 2011              /s/ Howard N. Wisnia
                                    Howard N. Wisnia