No. 10-56244
_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

BANGKOK BROADCASTING & T.V.
CO., LTD., a Thailand corporation
Plaintiff-Counter-defendant –Appellee,

v.

IPTV CORPORATION, a California corporation, et al.,
Defendants-Counter-claimants-Appellants

_____

APPEAL FROM A FINAL JUDGMENT OF THE UNITED STATES
DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
Hon. S. James Otero (Dist. Ct. Case No. 09-3803 SJO)
_____

## REPLY BRIEF OF APPELLANTS
## RON PETCHA AND BKT GROUP
_____

REZA SINA
SINA LAW GROUP
801 S. Figueroa St., 12th Floor
Los Angeles, CA 90017
Telephone: (213) 417-3661
Facsimile: (877) 341-5578

Attorneys for Defendants-Appellants
IPTV Corporation, et al.


# **TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................. 1

II.  ARGUMENT ........................................................................................ 3

    A.   ALL GROUNDS FOR APPEAL WERE PROPERLY RESERVED .......... 3

    B.   THE COPYRIGHT AND TRADEMARK DAMAGES AWARDS WERE
        INCONSISTENT ON THEIR FACE. ..................................................... 3

    C.   THE JURY AWARDED BBTV $2.9 MILLION IN ACTUAL DAMAGES
        AND IT IS IMPOSSIBLE TO ARRIVE AT THAT FIGURE WITHOUT
        DOUBLE RECOVERY. ...................................................................... 5

    D.   THE DISTRICT COURT ERRED IN ADMITTING PREJUDICIAL
        EVIDENCE, OVERRULING APPELLANTS' RULE 403
        ARGUMENTS. ................................................................................. 6

III. CONCLUSION ..................................................................................... 8

CERTIFICATE OF COMPLIANCE ............................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Eales v. Environmental Lifestyles, Inc.*,
　958 F.2d 876 (9th Cir.), *cert. denied*, 113 S. Ct. 605 (1992) ...................... 5

*Zhang v. American Gem Seafoods, Inc.*,
　339 F.3d 1020, 1033 (9th Cir. 2003) ........................................................... 4

## I.     INTRODUCTION

Appellee Bangkok Broadcasting & TV. Co., LTD. ("Appellee" or "BBTV") argues that Ron Petcha and BKT Group Corp. ("BKT")'s appeal is without merit because (1) procedurally, appellants failed to preserve their grounds for appeal and (2) substantively, the jury's verdict was not inconsistent, does not amount to double recovery and the district court did not err in admitting prejudicial and irrelevant testimony.  BBTV is wrong.

First, appellants properly preserved all issues on appeal.  Appellants did not need to file an amended notice of appeal following the district court's denial of the motion for new trial because the issues raised in the original notice of appeal were not altered by the district court's decision. The issue of inconsistency of the verdicts was raised at trial and is apparent on the face of the verdict.  The parties filed post-trial briefs regarding the issue of double recovery, which was decided before final judgment.  The issues as to the exhibits improperly admitted exhibits were also made and preserved at trial.  All of the issues on appeal were, therefore, preserved at trial.

Second, substantively, there is a major problem with the jury's verdict on copyright damages and trademark damages. The entirety of evidence of damages was based on expert testimony that the damages from infringement

1

were $1.6 million. The $1.6 million was in the form of disgorgement of profits. In other words, BBTV's expert testified that IPTV profited a total of $1.6 million (or was unjustly enriched) from the infringing activity of both copyright and trademark infringement. The jury's verdict, however, awarded BBTV $1.6 million in copyright damages and $1.3 million in trademark damages, based on the same exact expert testimony. That is an inconsistent verdict.

Moreover, and even more significant, such award of damages for both copyright and trademark infringement is double recovery. The jury, in essence, awarded BBTV $2.9 million in disgorgement of profit damages ($1.6 million in copyright damages and $1.3 million in trademark damages) despite the fact that BBTV's own expert testified that IPTV Corporation only profited $1.6 million from the infringing activity.

Finally, the district court erred in admitting website content and cost of production evidence that had no relevance to the issues in trial. Such evidence was irrelevant and inflammatory, and introduced by BBTV solely to suggest to the jury that awarding large damages was appropriate.

Accordingly, the judgment entered by the district court must be reversed and a new trial should be ordered on damages.

2

## II.    ARGUMENT

### A.    ALL GROUNDS FOR APPEAL WERE PROPERLY RESERVED

BBTV argues that the appeal is procedurally barred because appellants failed to preserve the issues on appeal by not filing an amended notice of appeal. That is not true. An amended notice of appeal would have only been directed at the denial of the motion for new trial. Yet, there are many issues raised on appeal.

The issue of double recovery was briefed and decided before the entry of final judgment. [ER 144-155, 192.]

The issues relative to improperly admitted exhibits were are raised before trial and decided at the pretrial conference. [ER 93.]

With regards to inconsistency of the verdicts, while this issue is arguably contained within the order denying the motion for new trial, it is an issue that existed prior to the final judgment.

Accordingly, appellants have not waived the issues raised in their brief.

### B.    THE COPYRIGHT AND TRADEMARK DAMAGES AWARDS WERE INCONSISTENT ON THEIR FACE.

It is not possible to reconcile the verdict on copyright damages in the amount of $1.6 million with the award of trademark damages in the amount of $1.3 million. As stated in the opening brief, "the test is not whether there

3

was substantial evidence for the jury's conclusion, but whether it is possible to reconcile the verdicts. (citations)." *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1033 (9th Cir. 2003).

BBTV argues that the verdict can be reconciled by presuming that the jury believed that IPTV's use of BBTV's trademark did not enhance DVD sales, for which Mr. Kinrich explained an unjust enrichment amount of $268,000.  [ER 122.]  BBTV is wrong for two reasons.  First, if it were the case that BBTV did not believe that the trademark enhanced DVD sales, then the award of trademark damages should have been over $1,300,000; but it was not.  The more logical inference is that the jury picked the number $1.3 million in order to achieve a desired result of awarding a total of $10 million in damages based on the improperly admitted website exhibit.

Second, BBTV itself acknowledges that the evidence it put forth was that "Defendants committed copyright and trademark infringement by: (1) re-broadcasting BBTV's copyrighted programs with the BBTV logo; and (2) by publicly distributing *DVDs* of BBTV's copyrighted programs with the BBTV logo without permission or authorization." [Appellee's Brief at pp. 22-23.]  BBTV cannot have it both ways.  If sales of the DVDs with BBTV's logo was an act of infringement, then a reasonable jury would include any damages associated with such sales in its award of damages/

4

The fact remains that we do not know why the jury awarded $1.3 million in trademark damages. There is no support for such an award in the record. A $1.3 million award for trademark infringement is inconsistent with the testimony of Mr. Kinrich and with the damages awarded for copyright infringement.

Accordingly, the verdicts are inconsistent, requiring that the judgment below be reversed and a new trial ordered on the issue of damages.

### C.  THE JURY AWARDED BBTV $2.9 MILLION IN ACTUAL DAMAGES AND IT IS IMPOSSIBLE TO ARRIVE AT THAT FIGURE WITHOUT DOUBLE RECOVERY.

The district court erred in entering a judgment which included statutory damages for its copyright claim and actual damages (disgorgement of profits) on BBTV's trademark claim.

The purpose of election of remedies under copyright infringement is to permit the plaintiff to recover either statutory *or* actual damages, but not both. Once a copyright owner elects to recover statutory damages, he may not recover actual damages as well under the Copyright Act. 17 U.S.C. § 504; *see Eales v. Environmental Lifestyles, Inc.*, 958 F.2d 876, 881 n.4 (9th Cir.), *cert. denied*, 113 S. Ct. 605 (1992).

In this case, the evidence of BBTV's damages purely set forth in the form of disgorgement of profits (unjust enrichment). BBTV's expert, Jefrey Kinrich, testified that the damages from infringement were $1.6 million. The $1.6 million was in the form of disgorgement of profits or unjust enrichment. The jury's verdict, however, awarded BBTV $1.6 million in copyright damages and $1.3 million in trademark damages, based on the same exact expert testimony. The jury, accordingly, awarded BBTV $2.9 million in disgorgement of profit damages ($1.6 million in copyright damages and $1.3 million in trademark damages).

An award of $2.9 million means that the jury double counted the disgorgement of profits. It is impossible to arrive at $2.9 million without double counting because the evidence was that IPTV's net profits from the infringement were $1.6 million.

Accordingly, entering a judgment awarding BBTV $1.3 million in trademark damages was duplicative of its election to recover statutory damages for the copyright claim. The judgment should be reversed.

### D. THE DISTRICT COURT ERRED IN ADMITTING PREJUDICIAL EVIDENCE, OVERRULING APPELLANTS' RULE 403 ARGUMENTS.

BBTV argues that appellants did not raise a relevance or Rule 403 argument with respect to Exhibit 20. BBTV is mistaken.

6

Appellants made written objections, as required by the Court's Pretrial Conference Order. [ER 93] Appellants made said objections prior to the start of trial. And over appellants' objections, the district court permitted BBTV to use Trial Exhibit 20 in its opening statement presentation, which consisted of a printout from BKT's website. [ER 93, 96] The printout had a section stating, " 'About Us' - $10 million in revenue." The printout was based on information from the year 2006, over two years before the alleged infringement. [ER 226]

BBTV's argument that Exhibit 20 was used for impeachment purposes is misleading. As BBTV acknowledges, BKT stipulated to liability. [Appellee's Brief at p. 24.] There was, therefore, no issue of using the Exhibit for impeachment purposes.

In the end, Exhibit 20 was introduced solely to suggest that BKT made $10 million in revenues from the infringement, when in fact the website content concerned the year 2006 and the infringement took place in 2008. And as the jury verdict reflects, the total sum awarded BBTV was $10 million. A reasonable inference can be drawn that the jury erroneously believed that, based on the website content, Mr. Petcha and BKT made $10 million from the infringement and hence, awarded that amount to BBTV. The prejudicial effect of the admission of Exhibit 20 is, therefore, manifest.

### III. <u>CONCLUSION</u>

Accordingly, appellants respectfully request that this Court: (a) reverse the judgment of the district court denying the motion for new trial and order a new trial on damages; (b) reverse the judgment issued in favor of BBTV, and direct the district court to order a new trial; (c) award appellants their costs on this appeal; and (d) award appellants such other relief as this Court deems just and proper.

Dated:   April 26, 2011      Respectfully submitted,
                             SINA LAW GROUP


                             ___/s/Reza Sina_____
                             Reza Sina
                             Attorneys for Defendants-Appellants

8

# CERTIFICATE OF COMPLIANCE
# PURSUANT TO FED. R. APP. 32(a)(7)(C) AND CIRCUIT RULE 32-1

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that Appellant's Brief is proportionately spaced, has a typeface of 14 points or more and contains 1,273 words.


Dated:   April 27, 2011              ____/s/Reza Sina_____
                                     Reza Sina